UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 18-cv-22216-KMW

AT LAW AND IN ADMIRALTY

BRITTANY THOMPSON,

    Plaintiff

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE

    Defendant.

_____/

## PLAINTIFF'S DEMAND FOR JURY TRIAL

The Plaintiff, pursuant to Federal Rule of Civil Procedure 38(b)(1), hereby demands a Trial by Jury of any issue triable of right by a jury and says,

1. **THIS DEMAND IS TIMELY**. Federal Rule of Civil Procedure 38(b)(1) provides as follows:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
>
> **(1)** serving the other parties with a written demand – which may be included in a pleading – **no later than 14 days after the last pleading directed to the issue is served;**
>
> (2) Filing the demand in accordance with Rule 5(d).

Under Rule 38, the last "pleading" is the answer to the pleading raising the issue. See, *Federal Civil Rules Handbook; Baicker-McKee, Janssen, and Corr, P.946 (Wests)* (2012) and *U.S. v.*

1

*California Mobile Home Park Management Company,* 107 F 3d 1374, 1378, 20 APDD 658 (9th Cir. 1997) ("Last pleading is the answer to the interveners complaint, rather than the answer to the original complaint filed"); *Winchesters Industries Inc. v. Sentry Insurance*, 630 F So 2d 237, 240 (D. Conn. 2009). Therefore, the 14 days starts to run from the date of service of the Answer and accordingly this Demand is timely under the Rule.

2. **A PARTY IS ENTITLED TO A JURY IF DIVERSITY EXISTS EVEN WHERE ADMIRALTY LAW APPLIES.** Jurisdiction in this case is by reason of diversity of citizenship and, accordingly, Plaintiff is entitled to a jury trial. See, e.g., *Romero v. Bethleham Steel Corp.*, 515 F 2d 1249 (5th Cir. 1975). In *Romero,* the Court acknowledged that "an action for personal injury cognizable in admiralty may be brought, assuming the existence of some independent jurisdictional base like diversity of citizenship, as a civil suit pursuant to the 'savings to suitor's clause' of 28 U.S.C. s 1333," and "the plaintiff is entitled to a jury trial." *Romero*, 515 F.2d at 1252. See also, Luera v. M/V Alberta, 635 F.3d 181 (5th Cir. 2011), Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625 (1959), Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010), Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355 (1962).

Here, we have diversity of citizenship as alleged in the complaint. (Complaint, DE 1). This is not an action in which jurisdiction is under Rule 9(h) and Rule 9(h) has not been pled.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 7th day of June 2018.  We also certify that the foregoing will be served upon counsel of records when such counsel makes their appearance on behalf of the Defendant.

> By: *s/ Christopher B. Smith*
> John H. Hickey, Esq. (FBN 305081)
> hickey@hickeylawfirm.com
> Christopher B. Smith, Esq. (0121925)
> Hickey Law Firm, P.A.
> 1401 Brickell Avenue, Suite 510
> Miami, FL  33131-3504
> Telephone: (305) 371-8000
> Facsimile: (305) 371-3542
> *Attorneys for the Plaintiff*